IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **INTEGRITY MORTGAGE CENTER, LLC,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.:** <br> **5:18-CV-00090-DCB-MTP** |
| **SENTINEL INSURANCE COMPANY, LTD.,** | |
| **Defendant.** | |

### DEFENDANT SENTINEL INSURANCE COMPANY LTD'S ANSWER

COMES NOW Sentinel Insurance Company Ltd. ("Sentinel"), and for its response to the plaintiff's Complaint, submits the following:

### FIRST DEFENSE

There has been a failure of consideration on the contract made the basis of the plaintiff's claims.

### SECOND DEFENSE

The policy of insurance is adopted and incorporated by reference as if set forth fully herein.

### THIRD DEFENSE

Defendant asserts the provisions of Miss. Code Ann § 11-1-60, including but not limited to the limitations on non-economic damages.

### FOURTH DEFENSE

Defendant pleads the applicable provisions of Miss. Code Ann., § 11-1-65 to the extent that the plaintiff alleges a cause of action for punitive damages.

**FIFTH DEFENSE**

Defendant asserts the provisions of Miss. Code Ann § 11-1-69, including but not limited to the restrictions on hedonic damages.

**SIXTH DEFENSE**

Defendant reserves the right to assert any other defenses which may be applicable or become applicable including any matters constituting an avoidance of the plaintiff's claims.

**SEVENTH DEFENSE**

Count Three of the plaintiff's Complaint fails to state a claim upon which relief may be granted.

**ANSWER**

Responding in identically numbered paragraphs to those set forth in the plaintiff's Complaint, Sentinel answers as follows:

1. Admitted the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Admitted.

3. Admitted.

4. This case has been properly removed.

5. Admitted upon information and belief.

6. Admitted.

7. Admitted that Sentinel was served with the Summons and Complaint.

**JURISDICTIONAL ALLEGATIONS**

8. This case has been properly removed.

9. Admitted the United States District Court to which this case has been removed has jurisdiction over this cause.

## FACTUAL ALLEGATIONS

10. The policy speaks for itself. Sentinel denies any attempt by the plaintiff to construe or interpret the terms and conditions thereof.

11. The policy of insurance speaks for itself. Sentinel is under no duty to pay claims not covered under the policy or specifically excluded thereby.

12. Admitted the plaintiff provided notice of loss.

13. Admitted Sentinel opened a claim for the loss. Sentinel denies that the damage complained of by the plaintiff was a covered cause of loss.

14. Sentinel denies it breached the contract of insurance. Admitted plaintiff's engineer made a repair proposal.

15. Sentinel admits covered causes of loss are payable under the policy. Sentinel denies it failed to pay a covered claim or that the damage complained of by plaintiff was the result of a covered cause of loss.

16. Denied.

17. Denied.

## COUNT ONE

18. The foregoing is adopted and incorporated by reference as if set forth fully herein.

19. Sentinel denies it breached the contract of insurance.

20. Denied.

21. Denied.

22. Denied that the damages complained of by the plaintiff were the result of a covered cause of loss.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

Sentinel denies any act or omission by or on its behalf caused or contributed to cause the damages complained of by the plaintiff. Sentinel further denies plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT TWO

32. The foregoing is adopted and incorporated by reference as if set forth fully herein.

33. Denied this suit is properly brought.

34. Denied.

35. Admitted that inherent in every contract is the duty of good faith and fair dealing. Sentinel denies that it breach any duties owed under the contract.

36. Mississippi law speaks for itself.

37. Denied.

38. Sentinel denies the plaintiff's attempt to misconstrue the language of the policy of insurance, which speaks for itself. The remaining allegations of the averment are denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

Sentinel denies any act or omission by or on its behalf caused or contributed to cause the damages complained of by the plaintiff. Sentinel further denies plaintiff is entitled to judgment against it and demands strict proof thereof.

### COUNT THREE

46. The foregoing is adopted and incorporated by reference as if set forth fully herein.

47. Denied.

48. Sentinel denies that it breached the contract of insurance.

49. Denied.

50. Denied.

### COUNT FOUR

51. The foregoing is adopted and incorporated by reference as if set forth fully herein.

52. Denied that the plaintiff is entitled to the damages sought in its Complaint.

### PRAYER FOR RELIEF

53. Sentinel denies any act or omission by or on its behalf caused or contributed to cause the damages complained of by the plaintiff. Sentinel further denies plaintiff is entitled to judgment against it and demands strict proof thereof. Sentinel further requests this Honorable Court declare that plaintiff is not entitled to benefits for the claim made the basis of its Complaint.

Respectfully submitted this 14th day of August, 2018.

/s/ John W Johnson, II
John W Johnson, II (MS Bar No.: 101336)
Attorney for Defendant Sentinel Insurance Company, LTD

**OF COUNSEL:**

**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone:    (205) 795-6588
Facsimile:    (205) 328-7234
jwjohnson@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 14, 2018**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all counsel of record.

Michelle C. Le
LAW OFFICES OF
MICHELLE C. LE
16170 Jones Maltsberger Rd
Suite 108
San Antonio, TX 78247
Michelle.le@lelawoffices.com
*Attorney for Plaintiff*
*Integrity Mortgage Center LLC*

/s/ John W Johnson, II
OF COUNSEL